

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

KENNETH R. FLAUM, Individually,       :

      Plaintiff,       :

vs.       :       Case No. 4:13 cv 156

WAFFLE HOUSE, INC., a Georgia       :
corporation,       :

      Defendant.       :

_____/ :

## COMPLAINT

Plaintiff, KENNETH R. FLAUM, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant WAFFLE HOUSE, INC., a Georgia corporation (sometimes referred to as "Defendant" or "Waffle House", for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to Virginia law and states as follows:

## JURISDICTION AND PARTIES

1.    Plaintiff, Kenneth R. Flaum, is an individual residing in Gloucester, VA, in the County of Gloucester.

2.    Defendant owns, leases, leases to or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation in Virginia that the Defendant owns, operates, leases, or leases to, are known as Waffle House, located at:

1

a.   **Waffle House #62**
     2600 W. Mercury Blvd.
     Hampton, VA

b.   **Waffle House #964**
     980 J. Clyde Morris Blvd.
     Newport News, VA

c.   **Waffle House #987**
     12259 Hornsby Lane
     Newport News, VA

d.   **Waffle House #1115**
     1811 W. Mercury Blvd.
     Hampton, VA

and throughout the State of Virginia at the following locations:

**Waffle House #1241**
808 ENGLAND ST
ASHLAND, VA 23005-2231

**Waffle House #1362**
2002 BOULEVARD
COLONIAL HEIGHTS, VA 23834-2310

**Waffle House #1959**
610 NORTH MAIN ST.
BLACKSBURG, VA 24060

**Waffle House #833**
4614 CLEBURNE BLVD
DUBLIN, VA 24084-4411

**Waffle House #1325**
495 PREMIER CIRCLE
CHARLOTTESVILLE, VA 22901-1724

**Waffle House #1041**
17137 DUMFRIES RD
DUMFRIES, VA 22025-1930

**Waffle House #1244**
1162 5TH ST SW
CHARLOTTESVILLE, VA 22902-6470

**Waffle House #1011**
580 WARRENTON ROAD
FREDERICKSBURG, VA 22406-1027

**Waffle House #1938**
4800 Portsmouth Blvd
Chesapeake, VA 23321

**Waffle House #930**
5328 JEFF DAVIS HWY
FREDERICKSBURG, VA 22408-2608

**Waffle House #1363**
3251 WESTERN BRANCH
CHESAPEAKE, VA 23321-5230

**Waffle House #1209**
8400 BROOK RD
GLEN ALLEN, VA 23060-4016

**Waffle House #1922**
11201 IRONBRIDGE RD

**Waffle House #589**
1675 E MARKET ST

CHESTER, VA 23831

**Waffle House #1963**
90 OAK TREE BLVD
CHRISTIANSBURG, VA 24073

**Waffle House #357**
2440 ROANOKE ST
CHRISTIANSBURG, VA 24073-2604

**Waffle House #1463**
7400 SANDY LN
MECHANICSVILLE, VA 23111-3534

**Waffle House #1246**
3500 SPEEKS DR
MIDLOTHIAN, VA 23112-7320

**Waffle House #1992**
5751 E. VIRGINIA BEACH BLVD
NORFOLK, VA 23502

**Waffle House #1032**
5631 BOYDTON PLANK
PETERSBURG, VA 23803-8945

**Waffle House #1989**
1309 WEST BROAD ST.
RICHMOND, VA 23220

**Waffle House #332**
7311 HULL ST RD
RICHMOND, VA 23235-5805

**Waffle House #350**
7109 W BROAD ST
RICHMOND, VA 23294-3703

**Waffle House #436**
2101 WILLIS RD
RICHMOND, VA 23237-2903

**Waffle House #1190**
5102 WILLIAMSBURG RD

HARRISONBURG, VA 22801-5117

**Waffle House #846**
5105 PLAZA DRIVE
HOPEWELL, VA 23860-7324

**Waffle House #1322**
8 MAURY RIVER RD
LEXINGTON, VA 24450-3378

**Waffle House #76**
5224 FORT AVENUE
LYNCHBURG, VA 24502-1610

**Waffle House #1148**
P.O. BOX 455
RUTHER GLEN, VA 22546

**Waffle House #1562**
5414 WILLIAMSBURG RD
SANDSTON, VA 23150-1222

**Waffle House #602**
1244 RICHMOND AVE
STAUNTON, VA 24401-4908

**Waffle House #1278**
114 FAIRFAX PIKE
STEPHENS CITY, VA 22655-2966

**Waffle House #525**
2609 LEE HWY RT 4
TROUTVILLE, VA 24175-6326

**Waffle House #1245**
5825 NORTHAMPTON BLV
VIRGINIA BEACH, VA 23455-4622

**Waffle House #902**
5656 INDIAN RIVER RD
VIRGINIA BEACH, VA 23464-5200

**Waffle House #1734**
901 LEW DEWITT BLVD

RICHMOND, VA 23231-2930                     WAYNESBORO, VA 22980-7477

**Waffle House #77**                        **Waffle House #1972**
3606 FRANKLIN RD SW                         100 GETTY LANE
ROANOKE, VA 24014-2204                      WINCHESTER, VA 22603

**Waffle House #627**                       **Waffle House #1199**
6608 THIRLANE ROAD                          1805 S PLEASANT
ROANOKE, VA 24019-2906                      WINCHESTER, VA 22601-4496

**Waffle House #530**
1975 E. MAIN STREET
WYTHEVILLE, VA 24382-3453

3.      Venue is properly located in the EASTERN District of VIRGINIA because venue lies in the judicial district of the properties situs. The Defendant's properties are located in and do business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff Kenneth R. Flaum is a Virginia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Flaum has a service connected disability and has been evaluated at 100% disabled. Mr. Flaum has back fusions, has rheumatoid arthritis, and had two hip replacements, and uses the aid of a scooter for mobility. Mr. Flaum is permanently disabled due to his service connected disabilities, and he is substantially limited in performing one or more major life activities, including walking. Kenneth R. Flaum has visited some of the Waffle House properties which form the basis of this lawsuit and plans to return to the Waffle Houses in Virginia once they are made accessible, not only to avail himself of the goods and services offered to the public at these properties, but also to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties

4

without fear of discrimination.  The Plaintiff has encountered architectural barriers at the subject properties, which have limited his access to the Defendant's properties, and to the goods, services, facilities, privileges, and advantages offered at Defendant's properties, and have impaired his ability to park at Defendant's facilities, to reach the counters, to reach cashiers' stations to pay, and to use the restroom facilities.  The ADA violations and barriers to access at the properties are more specifically set forth in this Complaint.

**COUNT I**

**(VIOLATION OF TITLE III OF THE ADA)**
**(INJUNCTIVE RELIEF DEMANDED)**

6.      The allegations set forth in paragraphs 1-5 above are incorporated by reference as if fully set forth herein.

7.      Defendant owns, leases, leases to, or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.  The places of public accommodation that the Defendant owns, operates, leases or leases to, are known as Waffle House, and are located as listed above, throughout the State of Virginia.

8.      Kenneth R. Flaum has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the properties as described but not necessarily limited to the allegations in paragraph 10 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Kenneth R. Flaum desires to visit Waffle Houses in Virginia once they are made accessible, not only to avail himself of the goods and services offered to the public at these properties, but also to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear

5

of discrimination.

9.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Defendant's facilities, as prohibited by 42 U.S.C. § 12182 et seq.

10.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  The preliminary inspection of the Waffle House at various locations has shown that the violations exist, and that many of the violations of the ADA and Code of Virginia resulted from common design plans implemented by Waffle House at its facilities.   These violations personally encountered by Kenneth R. Flaum include, but are not limited to:

**WAFFLE HOUSE #62**

**Parking and Accessible Routes**

A. The disabled use parking spaces that are provided at this facility are not located on the shortest accessible route to the accessible entrances as required in Section 208.3.1 of the 2010 ADA Standards for Accessible Design.

B. The disabled use spaces and/or access aisles contain slopes or cross slopes in excess of 1:48 contrary to the requirements of Section 502.4 of the 2010 ADA Standards for Accessible Design.

C. There are no disabled use parking spaces designated as "van accessible" violating Sections 208.2.4 and 502.6 of the 2010 ADA Standards for Accessible Design.

D. There are curb ramps at the facility contain excessive slopes, side slopes or cross slopes in violation of Sections 405.2 and 405.3 of the 2010 ADA Standards for Accessible Design.

E. There are doors at this facility that lack the maneuvering clearances required in Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

F. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.2 of the 2010 ADA Standards for Accessible Design.

**Access to Goods and Services**

A. There are permanently designated interior and exterior spaces without the signage required in Sections 216 of the 2010 ADA Standards for Accessible Design.

B. There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the 2010 ADA Standards for Accessible Design.

C. The width of the knee clearances provided at the seating provided at this facility is less than the minimum allowed in Section 306.3.5 of the 2010 ADA Standards for Accessible design.

**WAFFLE HOUSE #964**

**Parking and Accessible Routes**

A. The disabled use parking spaces that are provided at this facility are not located on the shortest accessible route to the accessible entrances as required in Section 208.3.1 of the 2010 ADA Standards for Accessible Design.

B. The disabled use spaces and/or access aisles contain slopes or cross slopes in excess of 1:48 contrary to the requirements of Section 502.4 of the 2010 ADA Standards for Accessible Design.

C. There are no signs designating the disabled use spaces, in violation of Section 502.6 of the 2010 ADA Standards for Accessible Design.

D. There are no disabled use parking spaces designated as "van accessible" violating Sections 208.2.4 and 502.6 of the 2010 ADA Standards for Accessible Design.

**Access to Goods and Services**

A. There are permanently designated interior and exterior spaces without the signage required in Sections 216 of the 2010 ADA Standards for Accessible Design.

B. There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the 2010 ADA Standards for Accessible Design.

C. The width of the knee clearances provided at the seating provided at this facility is less than the minimum allowed in Section 306.3.5 of the 2010 ADA Standards for Accessible design.

## WAFFLE HOUSE # 987

### Parking and Accessible Routes

A.  There are no signs designating the disabled use spaces, in violation of Section 502.6 of the 2010 ADA Standards for Accessible Design.

B.  There are no disabled use parking spaces designated as "van accessible" violating Sections 208.2.4 and 502.6 of the 2010 ADA Standards for Accessible Design.

C.  There are no accessible routes from the street, sidewalk and parking areas as required in Section 206.2.1 of the 2010 ADA Standards for Accessible Design.

D.  Some of the doors at the facility are fitted with inaccessible hardware, in violation of Section 404.2.7 of the 2010 ADA Standards for Accessible Design.

E.  The dimensions of the ramp landings that are provided do not comply with the requirements of Sections 405.7.2, 405.7.3, 405.7.4 and 405.7.5 of the 2010 ADA Standards for Accessible Design.

F.  There are curb ramps at the facility contain excessive slopes, side slopes or cross slopes in violation of Sections 405.2 and 405.3 of the 2010 ADA Standards for Accessible Design.

G.  There are curb ramps at the facility that project into vehicular lanes in violation of Section 406.5 of the 2010 ADA Standards for Accessible Design.

H.  There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.2 of the 2010 ADA Standards for Accessible Design.

### Access to Goods and Services

A.  There are permanently designated interior and exterior spaces without the signage required in Sections 216 of the 2010 ADA Standards for Accessible Design.

B.  There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the 2010 ADA Standards for Accessible Design.

C.  The width of the knee clearances provided at the seating provided at this facility is less than the minimum allowed in Section 306.3.5 of the 2010 ADA Standards for Accessible design.

8

## WAFFLE HOUSE #1811

### Parking and Accessible Routes

A. There are no disabled use parking spaces designated as "van accessible" violating Sections 208.2.4 and 502.6 of the 2010 ADA Standards for Accessible Design.

B. There are no accessible routes from the street, sidewalk and parking areas as required in Section 206.2.1 of the 2010 ADA Standards for Accessible Design.

C. Some of the doors at the facility are fitted with inaccessible hardware, in violation of Section 404.2.7 of the 2010 ADA Standards for Accessible Design.

D. The maneuvering clearance of some of the doors at the facility does not comply with the requirements of Section 404.2.1 of the 2010 ADA Standards for Accessible Design.

E. The distance between some of the doors in series at the facility does not comply with the requirements of Section 404.2.6 of the 2010 ADA Standards for Accessible Design.

F. There are curb ramps at the facility that project into vehicular lanes in violation of Section 406.5 of the 2010 ADA Standards for Accessible Design.

G. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.2 of the 2010 ADA Standards for Accessible Design.

### Access to Goods and Services

A. There are permanently designated interior and exterior spaces without the signage required in Sections 216 of the 2010 ADA Standards for Accessible Design.

B. There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the 2010 ADA Standards for Accessible Design.

C. The width of the knee clearances provided at the seating provided at this facility is less than the minimum allowed in Section 306.3.5 of the 2010 ADA Standards for Accessible design.

### Public Restrooms

A. The location of the flush control on many of the public use W/Cs at the facility does not comply with the requirements of Section 604.6 of the 2010 ADA Standards for Accessible Design.

B. The turning space that is provided in public restrooms does not comply with the

requirements of Section 304.3.1 or Section 304.3.2 of the 2010 ADA Standards for Accessible Design.

11.     The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.     Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to implement a plan or policy reasonably calculated to make all of its Waffle Houses in Virginia fully accessible to and independently usable by disabled persons such as Plaintiff Kenneth R. Flaum, and by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with

a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

13.   Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14.   Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are that which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15.   Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16.   Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Waffle House facilities to

make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facilities until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIRGINIA STATE CLAIM (DAMAGES)

17.     Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs numbered 1 through 16 of this Complaint.

18.     Defendant's properties are places of public accommodation under Section 51.5-44 of the Code of Virginia.

19.     The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

20.     As a direct and proximate result of Defendant's' intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

21.     Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

WHEREFORE, Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, and such other relief as the Court deems necessary, just and proper.

      d.     The Court issue a Declaratory Judgment that the Defendant has violated The Virginians With Disabilities Act and award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia.

Date: _11/20/13_

Respectfully submitted,

_____

Reed S. Tolber, Esq.
Virginia Bar No. 66015
Attorney for Kenneth R. Flaum, Plaintiff
THE LAW OFFICES OF REED STEWART TOLBER P.A.
P.O. Box 5264
Charlottesville, VA 22905
(434) 295-6659
(434) 295-0816 - Facsimile
reedtolber@gmail.com
-and-
Lawrence A. Fuller, Esq.
*pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com
*Attorneys for Kenneth R. Flaum, Plaintiff*